# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| CYNTHIA JOHNSON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> FRONTLINE ASSET STRATEGY, LLC, <br><br> Defendant. | Case No.: 19-cv-1252 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Cynthia Johnson is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes.

5. Defendant Frontline Asset Strategy, LLC ("Frontline") is a foreign limited liability company with its principal offices located at 240 Emery Street, Bethlehem, Pennsylvania 18015.

6. Frontline is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Frontline is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8. Frontline is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9. On or about September 27, 2018, Frontline mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "LVNV Funding, LLC." A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a "Sam's Club" store-branded credit card, used exclusively for personal, family, or household purposes.

11. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

12. Upon information and belief, Exhibit A is a form debt collection letter, used by Frontline to attempt to collect alleged debts.

13. Upon information and belief, Exhibit A is the first written communication Frontline mailed to Plaintiff regarding this alleged debt.

14. Exhibit A contains statements that largely track the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors provide alleged debtors along with, or within five days of, the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

15. Further, the second sheet of Exhibit A contains the following:

**PLEASE SEE REVERSE SIDE / ADDITIONAL PAGES FOR IMPORTANT CONSUMER NOTICES**

16. The reverse side of the second sheet of Exhibit A does not contain any "other important information."

17. With the exception of what appears to be internal coding information, the reverse side of Exhibit A is in fact entirely blank.

18. The consumer, faced with an instruction to reference "important information" on a blank page would be confused and misled, and would wonder whether she was actually provided the "important information" she was supposed to receive. *See, e.g., Papetti v. Rawlings Fin. Servs., LLC*, 121 F. Supp. 3d 340, 352 (S.D.N.Y. 2015) ("He would notice an error—a blank page where he was supposed to find "important information." And he would likely be left uncertain whether he indeed possessed whatever the "important information" was.").

19. Upon information and belief, the purpose of the representation "PLEASE SEE REVERSE SIDE /ADDITIONAL PAGES FOR IMPORTANT CONSUMER NOTICES" is to encourage the consumer to contact Frontline by telephone, whereupon Frontline could use aggressive and unconscionable high-pressure tactics to attempt to induce payments from the consumer. *See, e.g., DeGeorge v. Fin. Recovery Servs.*, No. 11-cv-4288, 2012 U.S. Dist. LEXIS 140966 (E.D. Penn. Sept. 28, 2012) (plaintiff stated claim that defendant engaged in unfair debt collection practices by sending letters that "required plaintiff to contact defendant to take advantage of a discount, thereby exposing plaintiff to additional pressures of in-person communication.").

20. Plaintiff read Exhibit A.

21. Plaintiff was deceived, misled, and confused by Exhibit A.

22. The unsophisticated consumer would be deceived, misled, and confused by Exhibit A.

23. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

24. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

### *The FDCPA*

25. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to

4

the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

26. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

27. Misrepresentations of the character, amount or legal status of any debt, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore*

*Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

28. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

31. Exhibit A represents that there are "IMPORTANT CONSUMER NOTICES" on its reverse side.

6

32. The reverse side of Exhibit A does not contain any important information. Instead, with the exception of what appears to be internal coding information, the reverse side of Exhibit A is entirely blank.

33. The unsophisticated consumer would be confused and misled by the reference to "IMPORTANT CONSUMER NOTICES" on the reverse side where the reverse side contains no consumer notices.

34. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of a class, consisting of: (a) all natural persons in the state of Wisconsin, (b) who were sent a collection letter in the form represented by Exhibit A to the Complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) sent between August 29, 2018 and August 29, 2019, inclusive, (e) that was not returned by the postal service.

36. The class is so numerous that joinder is impracticable.

37. Upon information and belief, there are more than 50 members of the class.

38. There are questions of law and fact common to class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether the Defendant complied with the FDCPA.

39. Plaintiff's claims are typical of the claims of class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

41. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

42. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 29, 2019

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com